IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**DONDRICK KIRKLAND,**

      **Petitioner,**

**v.**                                                                 **Case No. 4:14cv52-RH/CAS**

**JULIE L. JONES, Secretary,**
**Department of Corrections,**[1]

      **Respondent.**

_____/

## REPORT AND RECOMMENDATION

On January 29, 2014, Petitioner Dondrick Kirkland, an inmate

proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28

U.S.C. § 2254.  ECF No. 1.  On March 16, 2015, Respondent filed a

response to Petitioner's § 2254 petition, with exhibits.  ECF No. 21.  On

May 19, 2015, Petitioner filed a reply.  ECF No. 24.

---

[1] The Clerk shall substitute Julie L. Jones, as Secretary of the Florida
Department of Corrections, for Michael D. Crews.  Julie Jones became Secretary on
January 5, 2015, and shall be automatically substituted pursuant to Federal Rule of Civil
Procedure 25(d).

## **Procedural Background**

On November 12, 2010, Petitioner was charged with one count of aggravated battery causing great bodily harm with a deadly weapon, contrary to sections 784.045(1)(a) and 775.087, Florida Statutes, and one count of felony battery, contrary to section 784.03(2), Florida Statutes.  Ex. B at 45.[2]  These charges were filed in connection with events that took place on October 15, 2010.  *Id.*  On August 8, 2011, Petitioner pled no contest to these charges and was sentenced to fifteen years in prison as a Prison Releasee Reoffender.  *Id.* at 71-72.

On August 15, 2011, Petitioner filed a motion to withdraw his plea, alleging that his attorney "did not do a full investigation" concerning his case.  Ex. A at 1.  An evidentiary hearing was held on November 10, 2011.  *Id.* at 11.  On November 14, 2011, the state court denied Petitioner's motion, finding that "the plea was entered freely, knowingly, and voluntarily."  *Id.*; Ex. N at 27.

On August 22, 2012, appellate counsel for Petitioner filed an Anders brief with the First District Court of Appeal (DCA), concluding that no meritorious argument could be made on appeal.  Ex. C.  On August 29,

---

[2] Hereinafter, all citations to the state court record, "Ex –," refer to exhibits submitted with Respondent's Response, ECF No. 21.

2012, the court entered an order allowing Petitioner to file a pro se initial brief.  Ex. D.  Petitioner did not file a brief.  On December 26, 2012, the First DCA affirmed the state court's decision per curiam without a written opinion.  Ex. E; Kirkland v. State, 104 So.3d 1091 (Fla. 1st DCA 2012) (table).  The mandate issued January 23, 2013.  Ex. F.

On January 31, 2013, Petitioner filed a motion to vacate his sentence pursuant to Florida Rule of Criminal Procedure 3.850, alleging that his trial counsel provided ineffective assistance because she did not inform Petitioner of the affirmative defense of "non[-]deadly or deadly force."  Ex. G at 5.  On April 22, 2013, the court denied Petitioner's motion, stating that the trial court, during the plea colloquy, informed Petitioner of self-defense as a possible defense.  *Id.* at 31.  Petitioner acknowledged his right to pursue that defense, and then waived that right.  *Id.*  On May 6, 2013, Petitioner filed a motion for rehearing.  *Id.* at 32.  In an order dated April 22, 2013, but rendered May 15, 2013, the court denied Petitioner's motion for rehearing. [3]  *Id.* at 48.

On May 21, 2013, Petitioner appealed the denial of his Rule 3.850 motion to the First DCA.  *Id.* at 49.  On November 13, 2013, the First DCA

---

[3] The date of the order is April 22, 2013, but this appears to be a clerical error. The order acknowledges that it is based on Petitioner's motion for rehearing that was filed on May 9, 2013.

affirmed the state court's decision per curiam without a written opinion.

Ex. J; Kirkland v. State, 129 So. 3d 1072 (Fla. 1st DCA 2013) (table).  The

mandate issued January 28, 2014.  Ex. M.

As indicated above, on January 29, 2014, Petitioner filed the instant

§ 2254 petition.  ECF No. 1.  Respondent filed a response, with exhibits.

ECF No. 21.  Petitioner filed a reply.  ECF No. 24.

## Analysis

Pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and

Effective Death Penalty Act of 1996 (AEDPA), federal courts may grant

habeas corpus relief for persons in state custody.  Section 2254(d)

provides:

> An application for a writ of habeas corpus on behalf of a person
> in custody pursuant to the judgment of a State court shall not be
> granted with respect to any claim that was adjudicated on the
> merits in State court proceedings unless the adjudication of the
> claim-
>
> (1) resulted in a decision that was contrary to, or involved an
> unreasonable application of, clearly established Federal law, as
> determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented in
> the State court proceeding.

28 U.S.C. § 2254(d).  "This is a 'difficult to meet' and 'highly deferential

standard for evaluating state-court rulings, which demands that state-court

decisions be given the benefit of the doubt." Cullen v. Pinholster, 563 U.S. 170, 181 (2011) (quoting Harrington v. Richter, 562 U.S. 86, 102 (2011), and Woodford v. Visciotti, 537 U.S. 19, 24 (2002)).  This Court's review "is limited to the record that was before the state court that adjudicated the claim on the merits." Cullen, 563 U.S. at 181.

### Ground 1: Petitioner's Plea was Involuntarily Entered

Petitioner argues that his plea of no contest was involuntarily entered because his attorney did not review a DNA report with him before he agreed to the plea.  ECF No. 1 at 5-6.  Petitioner alleges that the DNA report would have strengthened his contention that he acted in self-defense.  *Id.* at 6.  He previously raised this ground in a motion to withdraw his plea.  Ex. A at 1.  After an evidentiary hearing, the state court denied this motion.  *Id.* at 11.

When a Petitioner challenges his plea based upon allegations of ineffective assistance of counsel (IAC), the two-part test adopted in Strickland v. Washington applies.  *See* Hill v. Lockhart, 474 U.S. 52, 58 (1985).  The U.S. Supreme Court in Strickland held:

> First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were

so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

Strickland v. Washington, 466 U.S. 668, 687 (1984).  To demonstrate ineffectiveness, a "defendant must show that counsel's performance fell below an objective standard of reasonableness."  *Id.* at 688.  To demonstrate prejudice, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.*

For this Court's purposes, "[t]he question 'is not whether a federal court believes the state court's determination' under the Strickland standard 'was incorrect but whether that determination was unreasonable – a substantially higher threshold.'"  Knowles v. Mirzayance, 556 U.S. 111, 123 (2009) (quoting Schiro v. Landrigan, 550 U.S. 465, 473 (2007)).  "And, because the Strickland standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard."  *Id.*  It is a "doubly deferential judicial review that applies to a Strickland claim evaluated under the § 2254(d)(1) standard."  *Id.*

The state court, in denying Petitioner's motion to withdraw his plea, found that Petitioner's trial counsel was not ineffective, and that "[t]he DNA doesn't help [Petitioner]."  Ex. N at 27.  This ruling, affirmed on appeal without opinion, is entitled to deference and review is limited to the record before the state court.  *See* Cullen, 563 U.S. at 181.

The record supports the state court's finding that Petitioner's trial counsel was not ineffective.  Petitioner's trial counsel testified at an evidentiary hearing that she had reviewed the DNA report with Petitioner at least two times before the scheduled trial date.  Ex. N at 16, 20.  She also testified that she kept notes, stating that she "notated that [she] went to the jail and [they] reviewed everything in the case."  *Id.* at 20.  The state court found that Petitioner's trial counsel's testimony was credible, and that Petitioner did not show that "counsel's performance fell below an objective standard of reasonableness."  Strickland, 466 U.S. at 688.  The state court's finding was reasonable.

The record also supports the state court's finding that the DNA report would not have helped Petitioner.  Petitioner's trial counsel testified that the DNA report showed Petitioner's DNA on the handle of the knife and the victim's DNA on the blade and handle of the knife.  Ex. N at 18.  Petitioner's trial counsel stated that the DNA report "substantiates that [the victim] was

cut with a knife." *Id.* at 19.  Even assuming an error by Petitioner's trial

counsel, Petitioner did not show "that there is a reasonable probability that,

but for counsel's unprofessional errors, the result of the proceeding would

have been different." Strickland, 466 U.S. at 694.  The state court's finding

that this DNA report would not have helped Petitioner at trial was

reasonable.

Petitioner has not shown that the state court's adjudication involved

an unreasonable application of clearly established federal law or that it was

based on an unreasonable determination of the facts.  *See* 28 U.S.C.

§ 2254(d).  Accordingly, this ground should be denied.

## Ground 2:  Ineffective Assistance of Counsel

Petitioner also argues that he was "deprived of effective assistance of

counsel by defense counsel's not advising him of affirmative defense prior

to his pleading nolo contendere."  ECF No. 1 at 10.  Petitioner raised this

claim in his Rule 3.850 motion.  Ex. G at 5.  The state court denied

Petitioner's Rule 3.850 motion, stating that "the court during the [plea]

colloquy specifically advised the defendant of his right to pursue defenses."

*Id.* at 31.  This ruling, affirmed on appeal without opinion, is entitled to

deference and review is limited to the record before the state court.  *See*

Cullen, 563 U.S. at 181.

The record supports the state court's findings.  At Petitioner's plea colloquy, the state court discussed the ramifications of him pleading no contest, stating, "You are also giving up the right to have Ms. Kantor present any defenses that might be available to you.  That could include things like self-defense in an aggravated battery case."  Ex. B at 86.  The state court then asked Petitioner, "So you understand that you're giving up all of those trial rights by pleading no contest?"  *Id.* at 86-87.  Petitioner answered, "Yes, sir."  *Id.* at 87.

Further, the state court also discussed Petitioner's signing of his plea and acknowledgement of rights, stating that "[e]very word on it, handwritten and printed, front and back, is legally enforceable against you.  Do you understand that?"  *Id.* at 84.  Petitioner again answered, "Yes, sir."  *Id.*  The document to which the state court refers states, "I discussed with my lawyer any possible defenses.  There are no alibi or defense witnesses my lawyer has refused to investigate.  I am fully satisfied with my lawyer's services."  *Id.* at 66.

The state court did not mention Strickland in its order denying Petitioner's Rule 3.850 motion.  *See* Ex. G at 31.  Nevertheless, the state court's finding is consistent with a finding that Petitioner did not demonstrate prejudice in accordance with Strickland.  Even assuming that

Petitioner's trial counsel did not inform him of an available affirmative defense, the state court did inform him of such a defense, which Petitioner explicitly waived his right to pursue.  Therefore, Petitioner did not show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Strickland, 466 U.S. at 694.  Strickland requires that Petitioner demonstrate both ineffectiveness and prejudice, so the state court's finding that Petitioner was not entitled to relief was reasonable.

Petitioner has not shown that the state court's ruling involved an unreasonable application of clearly established federal law or that it was based on an unreasonable determination of the facts.  *See* 28 U.S.C. § 2254(d).  Accordingly, this ground should be denied.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted). Therefore, the Court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  The parties shall make any argument as to whether a certificate should issue by objections to this report and recommendation.

Leave to appeal in forma pauperis should also be denied.  *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

<u>**Recommendation**</u>

Therefore, it is respectfully **RECOMMENDED** that Petitioner's § 2254 petition, ECF No. 1, be **DENIED**.  It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and leave to proceed in forma pauperis be **DENIED**.  The Clerk shall substitute Julie L. Jones for Michael D. Crews as Respondent.

**IN CHAMBERS** at Tallahassee, Florida, on July 19, 2016.

**S/    Charles A. Stampelos**
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**